UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALEXANDER A. BUZZ,

Plaintiff,

v.

LT. SPEITH, et al.,

Defendants.

Case No.: 2:26-cv-01690-GMN-MDC

**ORDER**

**(ECF No. 1)**

Plaintiff Alexander A. Buzz, who is currently incarcerated at Vigo County Jail in Indiana, and was previously incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), brings this civil-rights action under 42 U.S.C. § 1983, contending that his rights were violated while he was incarcerated in NDOC custody. (ECF No. 1-1). Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is incomplete because Plaintiff did not include a completed financial certificate or an inmate trust fund account statement for the previous six-month period with the application. The Court will deny Plaintiff's application without prejudice and give Plaintiff the opportunity to correct these deficiencies b**y August 25, 2026**.

The Court notes that Plaintiff also filed an affidavit in which he states that officials at the Vigo County Jail will not fill out a financial certificate or provide him a six-month inmate account statement unless the court issues a subpoena requiring them to do so. (ECF No. 1-2.) As discussed in greater detail below, if Plaintiff cannot obtain these documents, he may file an affidavit providing greater detail about his attempts to obtain these documents in place of complete financial documents.

I.      **DISCUSSION**

Under 28 U.S.C. § 1915(a)(2) and Nevada Local Rule LSR 1-2, an inmate seeking to commence a civil action may apply to proceed *in forma pauperis*, which allows the inmate to file the action without prepaying the full $405 filing fee. To apply for *in forma pauperis* status, the inmate must submit <u>all three</u> of the following documents to the Court:

(1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, on this Court's approved form (i.e. pages 1 through 3 with the inmate's two signatures on page 3), (2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official (i.e. page 4 of this Court's approved form), and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**.

If Plaintiff is having difficulty obtaining the required financial certificate and inmate account statement for the previous six-month period from prison or jail officials, then Plaintiff may file a declaration detailing the following items: (1) when he requested the financial documents; (2) who he spoke to about the status of the documents; (3) who he followed up with after he did not receive the documents; and (4) their responses. Plaintiff's declaration will include dates of his requests, dates of his follow-up requests, names of the officials that he spoke to about the matter, and their responses. If Plaintiff's declaration demonstrates that he has done all that was possible to acquire the documents from prison or jail officials, the Court will consider his application to proceed *in forma pauperis* to be complete.

## II.     CONCLUSION

It is therefore ordered that Plaintiff has **until August 25, 2026**, to either pay the full $405 filing fee for a civil action or file a new fully complete application to proceed *in forma pauperis* with all three required documents: (1) a completed application to proceed *in forma pauperis* with the inmates two signatures on page 3, (2) a financial certificate that is properly signed both by the inmate and a prison or jail official, and (3) a copy of the inmate's prison or jail trust fund account statement for the previous six month period.

It is further ordered that if Plaintiff is not able to obtain his financial certificate and inmate trust fund account statement from prison or jail officials, Plaintiff has **until August 25, 2026**, to file a declaration detailing the efforts that he took to acquire the financial documents from prison or jail officials.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if he fails to timely comply with this order. Dismissal without prejudice allows Plaintiff to

refile the case with the Court, under a new case number, when Plaintiff can either pay the filing fee or properly apply for *in forma pauperis* status.

The Clerk of the Court is directed to resend Plaintiff name the approved form application to proceed *in forma pauperis* for an inmate who is not in NDOC custody and instructions for the same, and to retain the complaint (ECF No. 1-1) but not file it at this time.

DATED THIS 29th day of June 2026.

_____
Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

3